# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| MELVIN WAYNE MURRAY | * | |
| Plaintiff | * | |
| v | * | Civil Action No. RDB-10-153 |
| | | (Consolidated Case: RDB-10-155) |
| JUAN C DE LA TORRE, M.D., et al. | * | |
| Defendants | * | |

***

## MEMORANDUM OPINION

Pending are Defendants' Motions to Dismiss or for Summary Judgment.[1] ECF Nos. 27 and 33. Plaintiff opposes the motions. ECF Nos. 31 and 35. Also pending are Plaintiff's Motion to Consolidate and Motion for Appointment of Counsel. ECF Nos. 26 & 36. Upon review of the papers filed, the Court finds a hearing in this matter unnecessary. *See* Local Rule 105.6 (D. Md. 2011). For the reasons that follow Defendants' motions, construed as Motions for Summary Judgment, shall be granted, and Plaintiff's Motion to Consolidate and Motion for Appointment of Counsel shall be denied.

## Non-Dispositive Motions

A federal district court judge's power to appoint counsel under 28 U.S.C. § 1915(e)(1)[2] is a discretionary one, and may be considered where an indigent claimant presents exceptional circumstances. *See Cook v. Bounds*, 518 F.2d 779, 780 (4th Cir. 1975); *see also Branch v. Cole*, 686 F.2d 264, 266 (5th Cir. 1982). The question of whether such circumstances exist in a

---

[1] Defendants Juan C de la Torre, M.D. and Vincent C. Siracusano have not been served with the Complaint. Ed Hightower, Esquire, 1593 Spring Hill Drive, Suite 600, Vienna, Virginia 22183, General Counsel for Mental Health Management, Inc. shall be directed to advise the Court whether he will accept service of process on behalf of these Defendants.

[2] Under § 1915(e)(1), a court of the United States may request an attorney to represent any person unable to afford counsel.

particular case hinges on the characteristics of the claim and the litigant. *See Whisenant v. Yuam*, 739 F.2d 160, 163 (4th Cir. 1984), abrogated on other grounds by *Mallard v. U.S. District Court*, 490 U.S. 296, 298 (1989). Where a colorable claim exists but the litigant has no capacity to present it, counsel should be appointed. *Id*.

Plaintiff alleges that he suffered side effects from psychotropic medication which was not appropriate and that the appropriate prescribed medications for his condition were not provided. ECF Nos. 1 & 10. Upon careful consideration of the motions and previous filings by Plaintiff, the Court finds that he has demonstrated the wherewithal to either articulate the legal and factual basis of his claims himself or secure meaningful assistance in doing so. The issues pending before the Court are not unduly complicated and no hearing is necessary to the disposition of this case. Therefore, there are no exceptional circumstances that would warrant the appointment of an attorney to represent Plaintiff under §1915(e)(1).

Plaintiff's Motion to Consolidate (ECF No. 26) shall also be denied. Plaintiff seeks to consolidate this case with other cases he filed concerning medical care which are no longer pending before this court. *See Murray v. Green*, Civil Action No. RDB-10-154 (closed February 11, 2010).

## Background

Plaintiff alleges that on June 6, 2007, Dr. de la Torre ordered Plaintiff be seen for follow up but that he was not seen again until May 19, 2008. Plaintiff states that during this time his prescription lapsed. Dr. de la Torre noted that Plaintiff was "lost to follow up." Plaintiff further alleges that From December 16, 2009 to February 16, 2009, Dr. Siracusano changed his prescription for Cogentin to Vitamin B6. Plaintiff states that on June 1, 2009, he ran out of B6

vitamin which was never reordered. He did not receive any medication until August 21, 2009. Plaintiff states that he sent request slips to Dr. Siracusano's office but received no reply. He further states that he filed administrative remedy requests ("ARPs") so that the vitamin B6 could be reordered. ECF Nos. 1 & 10.

Green alleges she is not responsible for Plaintiff's medical care and relied on the expertise of the medical staff. ECF No. 33. Additionally, she notes that Plaintiff failed to exhaust his administrative remedies as he withdrew his remedy complaint from consideration. *Id*., Ex. 2-4.

Correctional Medical Services, Inc., ("CMS") states that it is not liable as the principle of respondeat superior does not apply to civil rights cases filed pursuant to 42 U.S. C. §1983. CMS further maintains that Defendants de la Torre and Siracusano are not employees of CMS but rather are employees of Mental Health Management, Inc. ECF No. 27.

**Standard of Review**

Summary Judgment is governed by Fed. R. Civ. P. 56(a) which provides that:

> The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.

The Supreme Court has clarified that this does not mean that any factual dispute will defeat the motion:

> By its very terms, this standard provides that the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact.

*Anderson v. Liberty Lobby, Inc*., 477 U. S. 242, 247-48 (1986) (emphasis in original).

"The party opposing a properly supported motion for summary judgment 'may not rest upon the mere allegations or denials of [his] pleadings,' but rather must 'set forth specific facts showing that there is a genuine issue for trial.'" *Bouchat v. Baltimore Ravens Football Club, Inc.*, 346 F.3d 514, 525 (4th Cir. 2003) (alteration in original) (quoting Fed. R. Civ. P. 56(e)). The court should "view the evidence in the light most favorable to....the nonmovant, and draw all inferences in her favor without weighing the evidence or assessing the witness' credibility." *Dennis v. Columbia Colleton Med. Ctr., Inc.*, 290 F.3d 639, 644-45 (4th Cir. 2002). The court must, however, also abide by the "affirmative obligation of the trial judge to prevent factually unsupported claims and defenses from proceeding to trial." *Bouchat*, 346 F.3d at 526 (internal quotation marks omitted) (quoting *Drewitt v. Pratt*, 999 F.2d 774, 778-79 (4th Cir. 1993), and citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986)).

**Analysis**

Section 1983 liability on the part of a supervisor requires a showing that: (1) the supervisory defendants failed promptly to provide an inmate with needed medical care, (2) the supervisory defendants deliberately interfered with the prison doctors' performance, or (3) the supervisory defendants tacitly authorized or were indifferent to the prison physicians' constitutional violations. *See Miltier v. Beorn*, 896 F. 2d 848, 854 (4th Cir. 1990) *see also Slakan v. Porter*, 737 F.2d 368, 372 (4th Cir.1984). In his complaint, Plaintiff makes no specific allegations against Defendant Green, rather it appears that Plaintiff seeks to hold her responsible for his alleged lack of medical care due solely to being the Warden of the institution and reviewing his ARPs. Plaintiff simply seeks to hold Green responsible because it happened while he was "under her authority." This is the very essence of the doctrine of respondeat superior,

which has no place in 1983 litigation. Defendant Green is entitled to summary judgment in her favor.

Likewise, Plaintiff's allegation against Correctional Medical Services, Inc. (CMS), the private prison health care provider, is based solely upon the doctrine of *respondeat superior*. The law in the Fourth Circuit is well established that the doctrine of *respondeat superior* does not apply in § 1983 claims, even where the defendant is a private corporation, rather than a municipality or other public agency. *See Nedd v. Correctional Medical Services*, Civil Action No. JFM-92-1524 (D.Md., October 22, 1992), citing *Powell v. Shopco Laurel Co.,* 678 F.2d 504, 506 (4th Cir. 1982); *McIlwain v. Prince William Hospital*, 774 F.Supp. 986, 990 (E.D.Va. 1991). Plaintiff's claim against Correctional Medical Services shall be dismissed.

Accordingly, a separate Order shall be entered granting the pending dispositive motions, denying the non-dispositive motions, and requiring further efforts at service or process as to the un-served Defendants.

August 3, 2011                              _____/s/_____
Date                                                               RICHARD D. BENNETT
                                                                UNITED STATES DISTRICT JUDGE